UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LACY BAKER,

                                          Plaintiff,

      vs.                                                                  9:01-CV-1894
                                                                            (GLS/GJD)

ANTHONY M. VOLPE, et al.,

                                          Defendants.
_____

LACY BAKER
Plaintiff pro se

ED J. THOMPSON, Asst. Attorney General
Attorney for Defendants

GUSTAVE J. DI BIANCO, Magistrate Judge

### REPORT-RECOMMENDATION

     This matter has been referred to me for Report and Recommendation by the Honorable Gary L. Sharpe, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rules N.D.N.Y. 72.3(c).

     In this civil rights complaint, plaintiff alleges a variety of constitutional violations, including excessive force; failure to protect; and cruel and unusual punishment. Plaintiff also states that he has been subjected to false disciplinary charges and wrongful confinement. (Dkt. No. 1).

     Presently before the court is defendants' motion to dismiss this action for failure to prosecute. (Dkt. No. 45). Plaintiff has not responded to the motion. For the following reasons, this court agrees with defendants and will recommend dismissal of the complaint.

# DISCUSSION

**1.    Background**

Plaintiff filed this action on December 12, 2001. (Dkt. No. 1). Plaintiff complains of defendants' conduct, allegedly occurring between April and June of 2001. The case was originally assigned to the Honorable Lawrence E. Kahn. On December 28, 2001, I issued an order, granting plaintiff *in forma pauperis* status and ordering service of the complaint by the Marshal. (Dkt. No. 4). In my December 28, 2001 order, I specifically stated that plaintiff was to promptly notify the court and defendants of any change of address. (Dkt. No. 4 at p.3). I also specifically warned plaintiff that the failure to do so could result in dismissal of the complaint. *Id.*

Defendants filed their answer on May 8, 2002. (Dkt. No. 21). On July 10, 2002, I issued a scheduling order, setting a discovery deadline of January 30, 2003 and a dispositive motion deadline of May 30, 2003. (Dkt. No. 25). During the period between September 18, 2002 and July 29, 2004, plaintiff filed *six change of address notices* with the court. (Dkt. Nos. 26, 29-32, 34). On March 5, 2004 this case was assigned to the Honorable Gary L. Sharpe. (Dkt. No. 33).

On June 12, *2006*, I issued an order scheduling a telephone status conference in this case. (Dkt. No. 36). On June 19, 2006, defense counsel filed a letter indicating that plaintiff had been paroled on January 14, *2005* and had been released from parole supervision in May of 2006. (Dkt. No. 37). On June 20, 2006, I asked defense counsel to attempt to determine plaintiff's address through the Division of Parole. (Dkt. No. 38). On June 27, 2006, defense counsel filed a letter stating that the Division of Parole had no address for plaintiff. (Dkt. No. 41). Defendants filed their motion to

dismiss for failure to prosecute on July 21, 2006.

## 2.     **Failure to Prosecute**

Rule 41(b) of the Federal Rules of Civil Procedure provides that a court may, in its discretion, dismiss an action based upon the failure of a plaintiff to prosecute the action, or comply with any order of the court. *Dansby v. Albany County Correctional Facility Staff*, 95-CV-1525, 1996 WL 172699 (N.D.N.Y. April 10, 1996)(citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629 (1962)).  Moreover, notwithstanding the leniency with which pro se plaintiffs are treated, a plaintiff has the duty to inform the court of any address changes. *See Lucas v. Miles*, 34 F.3d 532, 538 (2d Cir. 1996) (pro se plaintiffs are entitled to a degree of leniency, but that should not extend to a disregard of the court's plain directives).

"The demand that plaintiffs provide contact information ***is no esoteric rule of civil procedure, but rather the obvious minimal requirement for pursuing a lawsuit***." *Dumpson v. Goord*, 2004 U.S. Dist. LEXIS 14317, *8 (W.D.N.Y. July 22, 2004)(emphasis added).  Additionally, Rule 41.2(b) of the Local Rules of Practice for the Northern District of New York states that failure to notify the court of a change of address in accordance with LOCAL RULE 10.1(b) may result in the dismissal of any pending action.

The Second Circuit has held that generally, a determination of whether to dismiss for failure to prosecute involves a consideration of whether plaintiff's failure caused a delay of considerable duration; whether plaintiff was given notice that further delay would result in dismissal, and whether defendants will be prejudiced by further delay. *United States ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir.

2004). The court must also carefully balance the need to alleviate court congestion with plaintiff's right to have his day in court, and the court must consider the efficacy of lesser sanctions. *Id.* Dismissal is a harsh remedy to be utilized only in "extreme situations." *Minnette v. Time Warner*, 997 F.2d 1023, 1027 (2d Cir. 1993).

Defendants have now moved to dismiss this action. Certainly there has been a great delay in this case due to plaintiff's failure to participate. The events giving rise to plaintiff's claims allegedly occurred in mid-2001. It is now more than five years later, and there appears to have been no discovery. On September 20, 2002, defendants obtained an order pursuant to FED. R. CIV. P. 30(a) to depose plaintiff, but it is unclear whether any deposition occurred. Any further delay will certainly prejudice defendants' ability to defend this action. Plaintiff was ***well aware*** of the requirement to keep the court informed of his changes of address, since ***he filed six of them***. Plaintiff was also warned in the filing order that the failure to inform the court and defendants of a change of address would result in the dismissal of his case.

Because plaintiff has failed to keep the court informed of his whereabouts, it is impossible to contact him for any purposes. It is also impossible to consider or impose any lesser sanction than dismissal of the action. At the request of the court, defense counsel even contacted the Division of Parole to determine if plaintiff's current address could be found. Defendants have no further obligation to pursue this inquiry. It is neither defendants', nor the court's responsibility to make extraordinary efforts to locate a plaintiff who has clearly abandoned his action.

**WHEREFORE,** based on the above, it is

**RECOMMENDED**, that defendants' motion to dismiss for failure to prosecute

(Dkt. No. 45), be **GRANTED**, and the complaint **DISMISSED IN ITS ENTIRETY WITH PREJUDICE.**

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1(c), the parties have ten days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN TEN DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993)(citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 6(e), 72.

Dated: October 6, 2006

_____
Hon. Gustave J. DiBianco
U.S. Magistrate Judge